## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                  )<br>     Plaintiff,              )<br>                                  )<br>      v.                      )<br>                                  )<br>STEPHEN M. WHITINGER,     )<br>                                  )<br>     Defendant.             ) | Case No. 1:12-cr-102-11-TWP-MJD |

### ENTRY ON MOTION FOR MEDICAL CARE

Pending before the Court is Defendant Stephen M. Whitinger's ("Mr. Whitinger") Motion for Medical Care (Dkt. 975). Mr. Whitinger has been in the custody of the United States Marshal Service ("USMS") and housed in county jail facilities since July 2012 on the charges pending in this case. Mr. Whitinger has an abdominal aortic aneurysm that requires close monitoring, which is accomplished through periodic ultrasounds and he has not had an ultrasound performed since June 2011 (see Dkt. 975 at 1). In his motion, Mr. Whitinger asks this Court to "order the USMS to make necessary arrangements for an ultrasound to be performed".

The USMS is required to acquire "adequate…health care…to support prisoners under the custody of the U.S. Marshal who are not housed in Federal facilities." *See* 28 C.F.R § 0.111(o). Cases addressing the standard of health care owed to prisoners most frequently arise in the context of eight amendment claims in *Bivens* and § 1983 actions alleging deliberate indifference to serious medical needs. Those cases provide helpful guidance to the Court in deciding whether to order the USMS to provide Mr. Whitinger with an ultrasound. Prisoners are entitled to reasonable medical care, but prison authorities have wide discretionary power as to the type of medical treatment which is required under the particular circumstances. *Mathis v Pratt*, 375 F.

Supp. (301 N.D.Ill. 1974)). As such, before this Court will order the procedure requested by Mr. Whitinger, at minimum, he must show that he has an acute condition for which urgent care is needed. He has not done so.

As the Government argued in its response (Dkt. 1036), the averments contained in the Mr. Whitinger's Motion are inadequate. The letter from Community Physician Network states Mr. Whitinger's condition "requires close monitoring and periodic scans" and indicates it has been seventeen months since they last administered an ultrasound, however, the letter does not indicate that a scan is medically necessary at this time. Further, the Motion fails to show what efforts Mr. Whitinger and his counsel have made to resolve this request directly with the USMS.

As Mr. Whitinger has not shown the Court that an order for an ultrasound is medically necessary at this time, the Motion For Medical Exam (Dkt. 975) is **DENIED**. This matter is scheduled for an attorney's only pre-trial conference on December 11, 2012. If counsel believes this motion should be revisited, counsel should request a hearing on that date and secure the appearance of a representative from the USMS.

SO ORDERED.

Date:  11/16/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kathleen M. Sweeney
SCHEMBS SWEENEY LAW
ksween@gmail.com

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov